# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY M. YOUNG-BEY, #307-062 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. JFM-11-398 |
| WARDEN | * | |
| Defendant | * | |

***

## MEMORANDUM

The court reviewed North Branch Correctional Institution (NCBI) inmate Jeffrey Young-Bey's complaint that he is celled with an inmate who threatens him with sexual abuse and takes his food and construed it as a motion for emergency injunctive relief. The Maryland Attorney General has responded. For the following reasons, the court finds emergency injunctive relief is unnecessary and will deny injunctive relief. Young-Bey will be granted twenty-eight days to inform the court whether he wants to supplement and continue consideration of his claim or withdraw this case from further consideration.

I. INTRODUCTION

Defendant has submitted the affidavit of Lt. Jason Harbaugh, Housing Unit Manager, in which he attests that Young-Bey's allegations were addressed on February 14, 2011, the same day they became known to NBCI correction officials.[1] ECF No. 12, Exhibit 5. On February 14, 2011, the same day that Young-Bey told corrections officials of the assault, Young-Bey was moved from NBCI Housing Unit #1 Cell 6A to NBCI Housing Unit #1B57. ECF No. 12, Exhibit 5, Declaration of Lt. Jason Harbaugh, Unit 1 Housing Manager. On March 3, 2011, Young-Bey was moved to NBCI Housing Unit #1 Cell A34B, where he is currently housed alone. *Id*. Young-Bey's

---

1 The assault allegedly occurred on January 29, 2011.

allegations are under investigation by the Internal Investigative Unit. William Spencer's name was placed on Jeffrey M. Young-Bey's list of enemies. *Id*.

Lt. Harbaugh further declares that neither he nor any other staff member was informed by Young-Bey of any cell mate problems , including the alleged sexual assault, before February 14, 2011. Exhibit 5 at ¶ 7. When Lt. Harbaugh interviewed Young-Bey on February 14, 2011, Young-Bey stated that he did not tell anyone about the assault before, because he wanted to speak to Lt. Harbaugh in person. *Id*. Once informed, Lieutenant Harbaugh had Young-Bey escorted to the medical department for examination, notified the Internal Investigative Unit, and transferred Young-Bey to a different cell. Exhibits 5- 9

All inmates housed in NBCI Housing Unit #1 are escorted individually by correctional staff anytime they are outside their cells, including to and from recreation. Exhibit 12, Declaration of Randy Durst, NBCI Correctional Case Manager; ¶¶2, 5. Prison policy is that inmates who are deemed to be enemies are provided recreation or any other activity separately from their enemies. Exhibit 11 at ¶6. Since March 3, 2011, Young-Bey has been housed in the NBCI Housing Unit #1 A-Tier Cell 34 B. Exhibit 12 at ¶7. Since January 25, 2011, William Spencer has been housed in the NBCI Housing Unit #1B-Tier Cell #6. Exhibit 11 at ¶8. These tiers are separated by a concrete wall that extends from the floor to the ceiling of the housing unit. Exhibit 12 at ¶9. Young-Bey is presently serving 150 days in disciplinary segregation from January 22, 2011. Exhibit 13, Notice of Inmate Rule Violation at p. 8.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of

2

preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*., __ U.S. __, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Young-Bey has been moved to a cell away from his alleged assailant. As a result of his assault claim, Young-Bey's out-of-cell activities are separate from those of the alleged assailant. Further, the sexual assault claim is under investigation. Under these circumstances, there is no showing that Young-Bey is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied.

### III. CONCLUSION

Young-Bey fails to demonstrate that he is likely to suffer irreparable harm without emergency injunctive relief. Accordingly, the extraordinary and drastic remedy provided by a preliminary injunction is unwarranted and shall be denied. Young-Bey will be granted twenty-eight days to inform the court whether he wants to supplement and continue consideration of his claims or withdraw this case from further consideration. Young-Bey is reminded that any other claims he wants to raise, including claims concerning conditions of confinement, false institutional rule violations charges, lack of linen, and cold cells shall not be considered in this case, but must be presented in a different complaint. Young-Bey is directed to write the case number above on all documents that he files in regard to his assault claims. A separate order follows.

___March 29, 2011_             __/s/_____  
Date                                               J. Frederick Motz  
                                                      United States District Judge